IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
|     Plaintiff,   ) | |
| ) | |
| v.   ) | No. 18-cr-10129-STA-jay |
| ) | |
| TRAVIS LEE McCULLOUGH,   ) | |
| ) | |
|     Defendant.   ) | |

_____

**ORDER DENYING MOTION TO CONTINUE TRIAL**
_____

Before the Court is the government's Amended Motion to Continue Trial (ECF No. 66). The Motion is contested; the government states that the defendant and defense counsel object to a continuance of the trial in this matter. For the following reasons, the government's Motion is **DENIED**.

The government filed an indictment in this case on December 10, 2018. An arrest warrant was issued for Mr. McCullough's arrest on that same day and it was effectuated shortly thereafter. On December 9, 2020, this Court issued an order of detention, finding that no condition or combination of conditions of release would reasonably assure the appearance of the defendant or the safety of the community. (ECF No. 16). The defendant has been detained since.

The trial, which is currently set to November 23, 2020, has been continued three times. Trial was originally set for July 8, 2019. (ECF No. 22). On March 7, 2019, the defendant's first appointed counsel moved to withdraw representation due to a conflict. (ECF No. 23). Pursuant

1

to the withdrawal, the Court, on June 25, 2019, granted defendant's motion to continue the trial date and re-set the trial to January 6, 2020 to allow new counsel additional time to prepare. (ECF No. 31). On December 9, 2019, defendant's second appointed counsel, also citing a conflict, moved to withdraw. On December 12, 2019, the Court granted the motion to withdraw and appointed defendant's present counsel. Upon defense counsel's motion, the Court again continued the trial to June 15, 2020 to allow defendant's third counsel sufficient opportunity to prepare for trial. Unfortunately, the Court was again forced to continue the trial date due to the unprecedented COVID-19 pandemic and the suspension of in-person court proceedings. On June 22, 2020, following a scheduling conference, the trial was reset to November 23, 2020 at 9:30 a.m.

In the instant Motion, the government requests a continuance of thirty to forty-five days from the November 23, 2020 trial date. In support, the assigned Assistant United States Attorney asserts that he requires additional time given his recent assignment to the case following the retirement of the former lead attorney, the belief that the government will be unable to submit its proof before the Thanksgiving holiday, the opinion that a witness will be unable to testify because he is required, by the Bureau of Prisons, to undergo a fourteen day quarantine prior to transport to the Western District of Tennessee, and the inability of the case agent to locate an out-of-state essential witness. Subpoenas for these witnesses were issued contemporaneously with the government's Motion on November 4, 2020 and less than three weeks before the trial.

The Court is not persuaded that good cause exists to continue the trial, particularly on balance with prejudice to the defendant. Although defendant has not responded to the government's Motion with an assertion of his Sixth Amendment right to a speedy trial, the Court is nonetheless informed by the analysis of a speedy-trial claim. The Supreme Court has specified

four factors for evaluating a Sixth Amendment speedy-trial claim: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertions of his right, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 533, 92 S. Ct. 2182, 2193, 33 L. Ed. 2d 101 (1972). The Court will address each factor in turn.

First, although the government requests only a thirty-day continuance, constraints on the court's calendar mean that, should the Court grant the government's Motion, the trial would have to be re-set to July or August of 2021 – a significant delay. The Court further does not find the government's reasons for a continuance to be compelling. The government has been on notice since June 22, 2020 of this matter's November 23, 2020 trial date. It also should have been on notice of, and taken into consideration, possible logistical hindrances, particularly to travel, caused by COVID-19. Also, the Court notes that, prior to the government's Motion being filed, defendant has written the Court to advise it of his assertion of his right to a speedy trial and to object to any further continuances or to any further changes of defense counsel absent an evidentiary hearing. (ECF No. 59). Lastly, and most persuasively to the Court, defendant has been detained and deprived of his liberty for an offense he has not been convicted of, since December of 2018. Should the trial be continued, defendant will have been detained pending trial for, at least, thirty months on his trial date. Such a result would be exceedingly prejudicial to the defendant, especially considering that the trial has already been continued three times, through no fault of his own.

For the above-state reasons, the Court finds that the government's arguments fail to overcome prejudice to the defendant and his right to a speedy trial. The Motion to Continue Trial is therefore **DENIED**. The Motion to Continue Motion Hearing is **DENIED** as moot and the hearing on November 12, 2020 is vacated.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date:  November 12, 2020